PER CURIAM.
 

 In this case, a taxpayer that owns a golf course challenges rulings made in two cases consolidated for trial, involving the assessments for tax years 2005 and 2006. The trial court concluded that the taxpayer met its burden to prove that the property appraiser improperly applied the criteria set out in section 193.011, Florida Statutes (2005), and on that basis remanded to the property appraiser for reconsideration of the assessment for 2005, and reassessment. We affirm this ruling.
 

 The trial court also ruled, however, that the property appraiser properly considered all of the criteria set out in section 193.011, Florida Statutes (2006), and upheld the 2006 assessment. The taxpayer argues that this ruling was erroneous on various grounds. We agree only that the property appraiser failed to apply section 193.011(2), Florida Statutes (2006), properly, in that the property appraiser failed adequately to take into account “local or state land use regulation[s]” when using sale prices of “comparable” parcels that lacked the land use restrictions imposed on the golf course by a planned unit development order entered after a development of regional impact process.
 

 Accordingly, we affirm the remand as to the 2005 tax assessment, but reverse the judgment approving the 2006 assessment, and remand with directions that the trial court remand the 2006 assessment, to the property appraiser for reassessment.
 

 WOLF, BENTON, and BROWNING, JJ., concur.